UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JORDAN AUTREY,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.

_____/

Case No. 1:22-cv-135

Honorable Paul L. Maloney

## **OPINION AND ORDER**

Currently pending before the Court is Defendant-Movant Jordan Autrey ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) For the reasons set forth below, Defendant's motion will be denied.

**I.**     **Background**

On February 24, 2021, a grand jury returned an Indictment charging Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, *United States v. Autrey*, No. 1:21-cr-38 (W.D. Mich.) (ECF No. 1). Defendant subsequently entered into a plea agreement in which Defendant agreed to plead guilty to the one-count Indictment. *See* Am. Plea Agreement, *id.* (ECF No. 24). Defendant appeared before Magistrate Judge Phillip J. Green on May 14, 2021, for his change of plea hearing. Magistrate Judge Green entered a Report and Recommendation recommending that Defendant's guilty plea be accepted, and the Court adopted the Report and Recommendation in an order entered on June 2, 2021. *See* R&R and Order, *id.* (ECF Nos. 27, 30).

The parties appeared before the undersigned for Defendant's sentencing on August 16, 2021. The Court sentenced Defendant to 71 months' incarceration, to be followed by 3 years of supervised release. *See* J., *id.* (ECF No. 46). Defendant did not appeal his conviction and sentence to the United States Court of Appeals for the Sixth Circuit.

Defendant filed his § 2255 motion (ECF No. 1) on February 15, 2022. In an order (ECF No. 3) entered on February 165, 2022, the Court ordered the government to file a response to the motion. After receiving an extension of time to do so (ECF Nos. 5, 7), the government filed its response (ECF No. 11) on May 25, 2022. Attorney Kenneth P. Tableman, who represented Defendant in his criminal proceeding, filed an affidavit (ECF No. 8) on February 25, 2022. After receiving an extension of time (ECF Nos. 13, 14), Defendant filed his reply (ECF No. 15) on September 6, 2022.

## II.    Analysis

### A.    Legal Standards

#### 1.    Section 2255 Proceedings in General

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid § 2255 motion requires a movant to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of § 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due

process." *Id.* (internal quotation marks omitted). As a general rule, a claim not raised on direct review is procedurally defaulted and may not be raised on collateral review absent a showing of either (1) cause and actual prejudice; or (2) actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart*, 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973).

### 2. Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

### B. Discussion

Defendant raises the following grounds for relief in his § 2255 motion:

I. My guidelines were miscalculated. I was enhanced on a prior crime of violence that isn't necessarily considered violent which my lawyer never looked into when he was asked to do so.

II. My criminal history category was increased from a prior misdemeanor from over 10 years. My criminal history was increased from a prior charge that I [completed the Holmes Youthful Trainee Act (HYTA)] on which states no judgment of conviction is entered.

(§ 2255 Mot., ECF No. 1, PageID.4–5.) The government contends that: (1) Defendant waived his right to collaterally attack his sentence as part of his guilty plea; (2) his motion raises issues that

4

should have been raised on direct appeal; and (3) Defendant fails to demonstrate any deficiency in counsel's performance. (ECF No. 11.)

### 1. Waiver of Right to Attack Sentence

The government first contends that Defendant's grounds for relief are not properly before the Court because Defendant waived his right to collaterally attack his sentence as part of his plea agreement. (ECF No. 11, PageID.45–46.) The government's assertion, therefore, implicates the validity of Defendant's guilty plea.

To determine whether a guilty plea is valid, the Court must consider "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A constitutionally valid guilty plea must meet several requirements. First, the defendant must be competent to plead guilty. *See Brady v. United States*, 397 U.S. 742, 756 (1970). "[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against h[er].'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). The defendant must also have notice of the nature of the charges against him. *See Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). Further, the defendant must enter the plea voluntarily, i.e., the plea cannot be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant." *Brady*, 397 U.S. at 750; *see also Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void.").

The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S.

5

at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." (internal quotation marks and citation omitted)). Finally, the defendant must have available the advice of competent counsel. *Tollett v. Henderson*, 411 U.S. 258, 267–68 (1973); *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel can render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56–57.

Defendant's plea agreement set forth that the statutory maximum sentence that could be imposed was 10 years of imprisonment, 3 years of supervised release, a $250,000.00 fine, and a mandatory special assessment of $100.00. *See* Am. Plea Agreement, *United States v. Autrey*, No. 1:21-cr-38 (W.D. Mich.) (ECF No. 24, PageID.69). In exchange for the promises made by the government, Defendant "waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter related to this prosecution, except as listed below." *Id.* (ECF No. 24, PageID.74). The plea agreement set forth that Defendant could appeal or seek collateral relief on the following grounds: (1) the sentence imposed exceeded the statutory maximum; (2) Defendant's sentence was based upon an unconstitutional factor, like race, religion, national origin, or gender; (3) the Court incorrectly determined the Sentencing Guidelines range, if Defendant objected on

6

that basis at sentencing; and (4) Defendant's attorney provided ineffective assistance of counsel. *Id.*

When Defendant signed his plea agreement, he did so under the following paragraph:

> I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*Id.*, PageID.77. Attorney Tableman signed under the following paragraph:

> I am Jordan Autrey's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

*Id.*

During the change of plea hearing, Defendant represented that he had no physical or mental conditions that affected his ability to think clearly, and attorney Tableman stated that he had no reason to believe that Defendant was not competent. *See* Change of Plea Tr., *id.* (ECF No. 29, PageID.85). Defendant indicated that he was satisfied with attorney Tableman's representation. *Id.* (ECF No. 29, PageID.87). Defendant represented that he understood the charge against him, as well as the maximum penalties that he faced. *Id.* (ECF No. 29, PageID.89–91).

When asked if anyone had threatened him or put pressure on him to plead guilty, Defendant responded in the negative. *Id.* (ECF No. 29, PageID.97). Defendant noted that no promises, apart from those set forth in the plea agreement, had been made. *Id.* Defendant stated that the decision to plead guilty was his and his alone. *Id.* Defendant understood everything contained in the plea agreement when he signed it. *Id.* (ECF No. 29, PageID.99). Defendant understood that he was

7

giving up his rights to appeal and collaterally attack his conviction and sentence, subject to the exceptions set forth in the plea agreement. *Id.* (ECF No. 29, PageID.101–103). At the end of the change of plea hearing, Magistrate Judge Green concluded that Defendant's plea was made knowingly and voluntarily. *Id.* (ECF No. 29, PageID.118).

Here, Defendant "offers no evidence . . . to suggest that his plea was unknowing or involuntary." *See United States v. Sturgill*, 761 F. App'x 578, 582 (6th Cir. 2009). Under settled Sixth Circuit authority, Defendant is bound by the statements that he made under oath at the change of plea hearing. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) ("[W]here the court has scrupulously followed the required procedure [under Rule 11 of the Federal Rules of Criminal Procedure], 'the defendant is bound by his statements in response to that court's inquiry.'" (quoting *Moore v. Estelle*, 526 F.2d 690, 696–97 (5th Cir. 1976))). There is no suggestion here that the Court failed to comply with its obligations under Rule 11. *See United States v. Ataya*, 884 F.3d 318, 323–26 (6th Cir. 2018).

In sum, the record before the Court establishes that Defendant's plea was entered knowingly and voluntarily. Accordingly, the Court will enforce the waiver of appellate and collateral attack rights, subject to the exceptions set forth in the plea agreement. Defendant's two grounds for relief both concern challenges to his Sentencing Guidelines determinations. As set forth above, the plea agreement provides that Defendant could seek collateral relief on the ground that the Court incorrectly determined his Sentencing Guidelines range, **"if Defendant objected on that basis at sentencing."** *See* Am. Plea Agreement, *United States v. Autrey*, No. 1:21-cr-38 (W.D. Mich.) (ECF No. 24, PageID.74) (emphasis added). Defendant also could seek collateral relief on the basis of ineffective assistance of counsel. *Id.*

8

A review of the sentencing transcript indicates that Defendant did challenge the scoring of his HYTA misdemeanor conviction. *See* Sentencing Tr., *id.* (ECF No. 55, PageID.303–304). Defendant did not raise a challenge to the enhancement of his Guidelines range based upon a prior crime of violence, but in his § 2255 motion, he faults counsel for not raising that challenge. Both of Defendant's grounds for relief, therefore, fall within the exceptions to his collateral attack waiver, and the Court will consider the merits of those grounds below.

### 2. Crime of Violence Scoring and Ineffective Assistance of Counsel

Defendant first contends that his guidelines were miscalculated. (§ 2255 Mot., ECF No. 1, PageID.4.) According to Defendant, a prior crime of violence that "isn't necessarily considered violent" was scored, and counsel "never looked into [the issue] when he was asked to do so." (*Id.*)

To establish a claim of ineffective assistance of counsel, a movant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant in a way that led to an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, and viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S.460, 477 (2000) (internal quotation marks omitted). Counsel is not ineffective unless he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694; *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc) ("[T]he threshold issue is not whether [movant's] attorney was inadequate; rather, it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory.").

9

The Probation Officer who prepared Defendant's Presentence Investigation Report (PSR) concluded that Defendant's base offense level for felon in possession of a firearm was 20 because Defendant had committed that offense after sustaining a felony conviction for a crime of violence. *See* PSR, *United States v. Autrey*, No. 1:21-cr-38 (W.D. Mich.) (ECF No. 35, PageID.163). Specifically, in 2017, Defendant pleaded guilty in the Ingham County Circuit Court to attempted assault with intent to do great bodily harm less than murder (AGBH). *Id.* (ECF No. 35, PageID.170). Under the Guidelines, a crime of violence includes any offense under federal or state law that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *See* U.S.S.G. § 4B1.2(a)(1).

> Attorney Tableman has addressed Defendant's claim in his affidavit, stating:
>
> How did I assess Mr. Autrey's Att. AGHB conviction? To answer this question, I looked at my file, I make notes to show what issues I have considered during the course of my representation. I also make notes or send a letter to a client about discussions we have had during the case at; or shortly after; the time we have talked. When reviewing the PSR with my client I go through each paragraph, confirm the accuracy of the information, and note any corrections, client questions or requests for further research, or legal issues that I see. I followed this procedure in this case.
>
> I have no notes about scoring Mr. Autrey's Att. AGBH conviction as a crime of violence, nor do I recall him asking me to look into the conviction to enhance his base offense level score.
>
> However, I was generally aware that Michigan assaultive felonies, including, [AGBH], count as crimes of violence under the Guidelines. *See United States v. Raybon*, 867 F.3d 625 (6th Cir. 2017). I was also aware of *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), but in my view the case did not apply to Autrey's conviction. *Havis* concerned using the commentary to USSG § 4B1.2 to add attempts to the text of USSG § 4B1.2(a)(2) to define controlled substance offenses, but when defining crimes of violence the text of § 4B1.2(a)(1) includes attempts. I think that for these background reasons I did not challenge the scoring using the Att. AGBH conviction as a crime of violence.

(ECF No. 8, PageID.29–30.) Attorney Tableman is correct that in *Raybon*, the Sixth Circuit concluded that AGBH convictions qualify as crimes of violence under the elements clause of

10

§ 4B1.2 of the Sentencing Guidelines. *See Raybon*, 867 F.3d at 631–32. Moreover, § 4B1.2 specifically includes attempts. *See* U.S.S.G. § 4B1.2(a)(1).

In his reply brief, Defendant contends that his attempted AGBH crime no longer qualifies as a crime of violence under the residual clause of § 4B1.2(a). (ECF No. 15, PageID.60.) At the time of Defendant's conviction, the definition of crime of violence set forth in § 4B1.2(a) included a residual clause that was identical to the clause in the Armed Career Criminal Act, which was invalidated in *Johnson v. United States*, 576 U.S. 591 (2015). In 2017, the Supreme Court held that "the residual clause of § 4B1.2(a)(2) is not void for vagueness." *Beckles v. United States*, 580 U.S. 256, 263 (2017). Although the residual clause is no longer part of § 4B1.2(a), Defendant's argument regarding the residual clause is misplaced given the Sixth Circuit's conclusion that AGBH convictions clearly qualify as crimes of violence under the elements clause.

Defendant also cites to *United States v. Taylor*, 596 U.S. 845 (2022), in which the Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence for purposes of 18 U.S.C. § 924(c), which authorizes enhanced penalties for those who use a firearm in connection with a crime of violence. In holding so, the Court noted that attempted Hobbs Act robbery "does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property." *See Taylor*, 596 UJ.S. at 851. Contrary to Defendant's argument, *Taylor* did not hold that all attempt crimes now do not qualify as crimes of violence for purposes of the Guidelines. In any event, by its very nature, a conviction for AGBH or attempted AGBH necessarily requires, as an element, that the defendant used, attempted to use, or threatened to use force against another person.

In sum, the Court concludes that Defendant's attempted AGBH conviction was properly used to enhance his base offense level under the Sentencing Guidelines, and any argument by

11

counsel otherwise would not have succeeded. *See United States v. Martin*, 45 F. App'x 378, 381 (6th Cir. 2002) (noting that counsel cannot be deemed ineffective for failing to raise "wholly meritless claims"); *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments in order to avoid a charge of ineffective assistance of counsel."). Defendant, therefore, is not entitled to relief with respect to ground I.

### 3. HYTA Conviction Scoring

As his second ground for relief, Defendant contends that his Guidelines were incorrectly calculated when his prior misdemeanor conviction under Michigan's HYTA statute was scored. (§ 2255 Mot., ECF No. 1, PageID.5.) Defendant avers that he should not have received any criminal history points for this conviction because "no judgment of conviction [was] entered." (*Id.*)

Michigan's HYTA statute provides that, prior to October 1, 2021, Michigan Courts could "assign a 17-to-24-year-old the statue of a 'youthful trainee' if he pleads guilty to a criminal offense." *United States v. Thompkins*, No. 21-2904, 2022 WL 3151810, at *1 (6th Cir. Aug. 8, 2022) (citing Mich. Comp. Laws § 762.11(1)). If the "offense was committed on or after the individual's twenty-first birthday but before his or her twenty-fourth birthday, the individual must not be assigned to youthful trainee status without the consent of the prosecuting attorney." *See* Mich. Comp. Laws § 762.11(1). If the trainee successfully completes a term of probation or custody, his case may be dismissed without a judgment of conviction. *See* Mich. Comp. Laws §§ 762.13, 762.14.

Defendant's PSR indicates that on March 8, 2013, Defendant was sentenced pursuant to the HYTA statute to 3 months of probation for third-degree retail fraud. *See* PSR, *United States v. Autrey*, No. 1:21-cr-38 (W.D. Mich.) (ECF No. 35, PageID.167). The PSR states that Defendant "absconded while on probation and was wanted for several years before he was arrested in 2017." *Id.* Defendant was discharged from probation on February 21, 2017. *Id.* Defendant received one

criminal history point, pursuant to §§ 4A1.1(c) and 4A1.2(e)(2) of the Guidelines, for this conviction. *Id.*

Section 4A1.1 provides as follows:

The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.

> **(a)** Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> **(b)** Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> **(c)** Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

U.S.S.G. § 4A1.1. Section 4A1.2(e)(2) provides that "[a]ny other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." *See* U.S.S.G. § 4A1.2(e)(2).

At sentencing, attorney Tableman argued that this retail theft conviction should not have been scored because it was similar to the enumerated offenses set forth in the Guidelines for which criminal history points are not applied. *See* Sentencing Tr., *id.* (ECF No. 55, PageID.303). The Court overruled Defendant's objection, stating:

> As far as the retail fraud convictions are concerned, there is no published case here on point. There is the unpublished case that Miss Carowan indicates is helpful here, and cites the dissent from the Ninth Circuit, so clearly there is a circumstance here where our circuit is at least given the clue that given another run at a review would indicate that the scoring of these prior retail fraud convictions is appropriate. Having served as a judge in state court and similar circumstances in my prior life before I became a state judge, retail fraud is not like NSF under $50. And of course, as Miss Carowan points out, the defendant has no less than three prior retail fraud convictions, so we are talking about recurring conduct here. Actually four convictions. So for the reasons stated, that objection is also overruled.

*Id.* (ECF No. 55, PageID.309–310).

13

In his § 2255 motion, Defendant does not take issue with the Court's reasoning for scoring the retail theft conviction under § 4A1.1(c). Rather, Defendant appears to take issue with the scoring of the conviction because it was "from over 10 years" and because no judgment of conviction is entered under the HYTA. (§ 2255 Mot., ECF No. 1, PageID.5.) However, the retail conviction at issue occurred in 2012, and Defendant was sentenced to 3 months of probation in 2013. He commenced the instant federal offense on September 5, 2020. *See* PSR, *United States v. Autrey*, No. 1:21-cr-38 (W.D. Mich.) (ECF No. 35, PageID.160). Thus, because the retail fraud conviction occurred within the 10 years prior to September 5, 2020, it was properly counted under § 4A1.2(e)(2).

Moreover, as set forth *supra*, if the youthful trainee successfully completes a term of probation or custody, his case may be dismissed without a judgment of conviction. *See* Mich. Comp. Laws §§ 762.13, 762.14. Given that Defendant absconded from probation, it does not appear that he successfully completed the period of probation imposed. In any event, even if Defendant had successfully completed probation and had his retail fraud conviction dismissed, the Sixth Circuit has explicitly held that "a guilty plea under HYTA, such as [Defendant's], constitutes a 'prior sentence'" for purposes of the Sentencing Guidelines. *See United States v. Hill*, 769 F. App'x 352, 354 (6th Cir. 2019) (citing *United States v. Shor*, 549 F.3d 1075, 1076–78 (6th Cir. 2008)); *see also United States v. Thompkins*, No. 21-2904, 2022 WL 3151810, at *2 (6th Cir. Aug. 8, 2022) ("Even though a HYTA guilty plea 'does not result in a formal judgment of guilt,' for liability purposes under state law, it still counts as a conviction for purposes of federal sentencing." (quoting *United States v. Neuhard*, 770 F. App'x 251, 258 (6th Cir. 2019))).

Accordingly, for the reasons set forth above, Defendant's HYTA retail theft conviction was properly assessed one criminal history point under the Sentencing Guidelines. Defendant, therefore, is not entitled to relief with respect to ground II.

In sum, Defendant's guilty plea was entered knowingly and voluntarily, and Defendant is not entitled to relief with respect to the two grounds raised in his § 2255 motion. Furthermore, because the record conclusively establishes that Defendant is not entitled to relief, there is no need for the Court to conduct an evidentiary hearing.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claims was debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## IV.     Conclusion

For the foregoing reasons, the Court will deny Defendant's § 2255 motion. Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:   September 16, 2024                        /s/ Paul L. Maloney
                                                                      Paul L. Maloney
                                                                      United States District Judge